JUDGE MARRERO

08 CV 2805

Vincent Chirico, Esq. (VC-1293)
Mikhail Ratner, Esq. (MR-6264)
SILVERMAN SCLAR SHIN & BYRNE, PLLC
*Attorneys for Defendant*
381 Park Avenue
New York, New York 10016
(212) 779-8600



COPY

MAR 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

HARRY DOUGLAS,

          Plaintiff,

  - against -                    **RULE 7.1 STATEMENT**

PROTECTIVE LIFE AND ANNUITY
INSURANCE COMPANY,

          Defendant.
------------------------------------------------------------ X

      Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendant Protective Life and Annuity Insurance Company certifies that the following corporate parent of defendant is a publicly held company:

      1.    Protective Life Corporation, 2801 Highway 280 South Birmingham, Alabama 35223.

Dated: New York, New York
       March 17, 2008

                                        Yours, etc.,

                                        SILVERMAN SCLAR SHIN & BYRNE PLLC

                                        By: _____
                                                Vincent Chirico, Esq. (VC-1293)
                                                Mikhail Ratner, Esq. (MR-6264)
                                        *Attorneys for Defendant*
                                        381 Park Avenue South, Suite 1601
                                        New York, New York 10016
                                        (212) 779-8600

To:

Richard H. Abend, Esq.
LINDENBAUM & SILBER, PLLC
*Attorneys for Plaintiff*
419 Park Avenue South, 2nd Floor
New York, NY 10016

241481-1                                                   2

## AFFIRMATION OF SERVICE

I, MIKHAIL RATNER, ESQ., attorney for defendant Protective Life and Annuity Insurance Company, hereby affirm that I am duly authorized to make this affirmation; that on the 17th day of March, 2008, I caused a copy of the foregoing Rule 7.1 Statement to be by hand to the attorney for plaintiff, Harry Douglas:

>   Richard H. Abend, Esq.
>   LINDENBAUM & SILBER, PLLC
>   419 Park Avenue South, 2nd Floor
>   New York, NY 10016

_____
MIKHAIL RATNER

241481-1                                3

08 CV 2805
JUDGE MARRERO
ORIGINAL

Vincent Chirico, Esq. (VC-1293)
Mikhail Ratner, Esq. (MR-6264)
SILVERMAN SCLAR SHIN & BYRNE, PLLC
*Attorneys for Defendant*
381 Park Avenue
New York, New York 10016
(212) 779-8600

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
HARRY DOUGLAS,

              Plaintiff,

- against -                        **VERIFIED ANSWER AND**
                                          **<u>AFFIRMATIVE DEFENSES</u>**

PROTECTIVE LIFE AND ANNUITY
INSURANCE COMPANY,

              Defendant.
------------------------------------------------------------ X

      Defendant PROTECTIVE LIFE AND ANNUITY INSURANCE COMPANY, by its attorneys, Silverman Sclar Shin & Byrne PLLC, as and for its Answer to Plaintiff's Complaint, respectfully states and alleges as follows:

      1.    Denies each and every allegation contained in the Paragraph identified as "FIRST" of the Verified Complaint.

      2.    Admits the allegations contained in the Paragraph identified as "SECOND" of the Verified Complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in the Paragraph identified as "THIRD" of the Verified Complaint, except to

admit that the decedent JOANNE DOUGLAS was issued a life insurance policy in the amount of $500,000.00 by defendant PROTECTIVE LIFE AND ANNUITY INSURANCE COMPANY under policy number ZY0010453.

4. Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in the Paragraph identified as "FOURTH" of the Verified Complaint, except to admit that the decedent JOANNE DOUGLAS was issued a life insurance policy in the amount of $500,000.00 by defendant PROTECTIVE LIFE AND ANNUITY INSURANCE COMPANY under policy number ZY0010453.

5. Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in the Paragraph identified as "FIFTH" of the Verified Complaint

6. Denies each and every allegation contained in Paragraphs identified as "SIXTH" of the Verified Complaint.

7. Denies each and every allegation contained in Paragraphs identified as "SEVENTH" of the Verified Complaint.

8. Admits the allegations contained in the Paragraph identified as "EIGHTH" of the Verified Complaint.

9. Denies each and every allegation contained in Paragraphs identified as "NINTH" of the Verified Complaint.

10. Denies each and every allegation contained in Paragraphs identified as "TENTH" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. Each and every claim in the Complaint is barred by the fact that the Insurance Policy has been voided by material misrepresentations by plaintiff and/or JOANNE DOUGLAS, plaintiff's deceased wife.

12. Specifically, on or about October 13, 2005, Defendant received an application (the "Application") for life insurance from JOANNE DOUGLAS, plaintiff's late wife.

13. Ms. DOUGLAS designated herself as the insured and designated her husband, Plaintiff HARRY DOUGLAS, as the primary beneficiary.

14. The Application required Ms. DOUGLAS to provide Defendant with complete and detailed information on her medical history.

15. In particular, Question 9A of the Application required Ms. DOUGLAS to disclose complete details regarding any treatment, diagnosis, or advice she received from a medical professional relating to, among other things, (a) disorders of the lungs. Further, Question 2c of Part II of the Application required Ms. Douglas to disclose complete details regarding diagnosis or treatment for bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder.

16. In response to the aforementioned disclosure requirements contained in the Application, Ms. DOUGLAS answered "no".

17. Upon information and belief, at the time she made the aforementioned statements, Ms. DOUGLAS knew that these statements were false and misrepresented the true extent of her medical history and condition.

18. Upon information and belief, Ms. DOUGLAS made the aforementioned misrepresentations with the intent of inducing Defendant to rely on these representations in making the decision regarding whether to issue the Insurance Policy.

19. Defendant issued the Insurance Policy to Ms. DOUGLAS on or about November 14, 2005, in reliance on aforementioned representations made by Ms. DOUGLAS in her Application.

20. Upon information and belief, Ms. DOUGLAS died on August 11, 2007.

21. A subsequent review of Ms. DOUGLAS's medical records, requested during the investigation into Plaintiff's claim for the policy proceeds, revealed that Ms. DOUGLAS had an extensive medical history of, among other things, Chronic Obstructive Pulmonary Disorder.

22. Upon information and belief, at the time she submitted the Application and at all times thereafter, JOANNE DOUGLAS knew her complete medical history, including (without limitation) her history of Chronic Obstructive Pulmonary Disorder.

23. Ms. DOUGLAS failed to disclose any of the aforementioned medical history to Defendant at the time she submitted the Application or at any time thereafter.

24. Upon information and belief, Ms. DOUGLAS failed to disclose her prior medical history with the intent of inducing Defendant to issue the Insurance Policy.

25. But for Ms. DOUGLAS's material misrepresentations in her Application and her failure to disclose her full medical history, Defendant would not have issued this Insurance Policy.

26. As a result, each and every claim in the Complaint is barred by the fact that Defendant was fraudulently induced into issuing the Insurance Policy by plaintiff and/or MS. DOUGLAS.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. The Complaint fails to state a claim on which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Each and every claim in the Complaint is barred by plaintiff's and/or his deceased wife, JOANNE DOUGLAS's unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.  Each and every claim in the Complaint is barred by the lack of consideration for Insurance Policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.  Upon information and belief, plaintiff and/or his deceased wife, JOANNE DOUGLAS, failed to perform his/her material obligations under the contract and, as a result, plaintiff is barred from recovery.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.  The Complaint is barred by the doctrine of waiver.

WHEREFORE, defendant demands that this Court dismiss the Complaint; award defendant the costs and disbursements of this action; and grant defendant such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       March 17, 2008

                        Yours, etc.,

                        SILVERMAN SCLAR SHIN & BYRNE PLLC

                        By: _____
                             Vincent Chirico, Esq. (VC-1293)
                             Mikhail Ratner, Esq. (MR-6264)
                        *Attorneys for Defendant*
                        381 Park Avenue South, Suite 1601
                        New York, New York 10016
                        (212) 779-8600

To:

Richard H. Abend, Esq.
LINDENBAUM & SILBER, PLLC
*Attorneys for Plaintiff*
419 Park Avenue South, 2nd Floor
New York, NY 10016

## VERIFICATION

MIKHAIL RATNER, Esq., an attorney duly admitted to practice law before the Courts of New York, affirms the truth of the following upon information and belief and with knowledge of the penalties for perjury:

1.  Affirmant is an Associate with of the law firm of SILVERMAN SCLAR SHIN & BYRNE PLLC, attorneys for defendant PROTECTIVE LIFE AND ANNUITY INSURANCE COMPANY, in the within action.

2.  Affirmant has read the foregoing Answer to Complaint, knows the contents thereof, and the same are true to affirmant's own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

3.  Affirmant further states that the reason this affirmation is made by the undersigned and not by the Defendant is that such Defendant does not reside or have a place of business in the county where affirmant maintains its offices.

4.  The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are documents, papers and data contained in the file pertaining to this matter.

Dated: New York, New York
       March 17, 2008

_____
Mikhail Ratner, Esq.

## AFFIRMATION OF SERVICE

I, MIKHAIL RATNER, ESQ., attorney for defendant Protective Life and Annuity Insurance Company, hereby affirm that I am duly authorized to make this affirmation; that on the 17th day of March, 2008, I caused a copy of the foregoing Answer and Affirmative Defenses to be delivered by hand to the attorney for plaintiff, Harry Douglas:

    Richard H. Abend, Esq.
    LINDENBAUM & SILBER, PLLC
    419 Park Avenue South, 2nd Floor
    New York, NY 10016

_____
MIKHAIL RATNER